# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

JACOREY O'NEAL RIVERS, )
)
   Movant, )
)
v. ) Case No. CV415-194
) CR414-099
UNITED STATES OF AMERICA ) 
)
   Respondent. )

# **ORDER**

In the criminal case underlying this matter, Jacorey Rivers moved for additional time to file a 28 U.S.C. § 2255 motion. *See* CR414-099, Doc. 31. The district judge, pursuant to *Swichkow v. United States*, 565 F. App'x 840 (11th Cir. 2014), denied the motion for lack of jurisdiction, but ordered the Clerk to file it as a § 2255 motion. *See* doc. 31 at 3; doc 32. He also referred the matter to the undersigned "to provide Defendant with any appropriate warnings required by *Castro v. United States*, 540 U.S. 375, 383 (2003)." Doc. 32 at 3.

*Castro* warnings indeed are appropriate here because, as filed, the Court in essence re-characterized Rivers' motion for extension of time as a first § 2255 motion. **Within 30 days from the date this Order is served,**

**then, the Court will re-characterize his motion (doc. 31) as one under 28 U.S.C. § 2255. If he chooses to proceed, he will lose his ability to file any successive motion on this same matter without first seeking permission to do so from the Eleventh Circuit. Any second or successive motion will be subject to the restrictive conditions set forth in 28 U.S.C. § 2255(h), conditions which do not apply to a *first* § 2255 motion.**

The Court therefore advises Rivers that he may: (1) have his motion ruled upon as filed; (2) amend it (or replace it outright) to include any other claims; or (3) withdraw it entirely. Rivers thus has thirty days to decide what he wants to do. If, after thirty days, he does not affirm, supplement, or replace his original motion or notify this Court of his intent to withdraw it, the Court will proceed to rule on it as a § 2255 motion.

The Clerk is **DIRECTED** to attach to Rivers' service copy of this Order this Court's standard form 28 U.S.C. § 2255 motion. He may use that form to set out, in one document, all of his claims for § 2255 relief, or he may simply rely on his original motion (which the Court now re-characterizes as a § 2255 motion). Again, Rivers should present *all* of his claims for § 2255 relief at this point, as second or successive § 2255 petitions have little chance of success.

**SO ORDERED** this  22nd  day of July, 2015.

_/s/ G.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA